**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                            *Plaintiffs*,

            -against-

ANTHONY DEO *et al.*,

                            *Defendants.*
-------------------------------------------------------------X

**ORDER**
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

> Emanuel Kataev
> **Sage Legal LLC**
> 18211 Jamaica Avenue
> Jamaica, NY 11423
> *Attorneys for Plaintiffs Superb Motors Inc.,*
> *Team Auto Sales LLC and Robert Anthony Urrutia*
>
> Jeffrey Benjamin
> **The Linden Law Group, PC**
> 250 Park Avenue
> Ste 7th Floor
> New York, NY 10177
> *Defendants Anthony and Sarah Deo, Dwight Blankenship, Marc Merckling, Michael*
> *Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of*
> *Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC*
> *LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA*
> *Premier Motors Corp.*
>
> **Harry R. Thomasson**
> 3280 Sunrise Highway, Ste Box 112
> Wantagh, NY 11793
> *Defendant Appearing Pro Se*
>
> *No appearances by other Parties*

**WICKS**, Magistrate Judge:

On May 22, 2025, and May 23, 2025, this Court issued Orders on Deo Defendants'[1] Third Motion for Contempt (ECF No. 225) and Superb Plaintiffs'[2] ("Superb" or "Plaintiffs") Emergency Motion for Order to Show Cause (ECF No. 280). (*See* ECF Nos. 279, 286; Electronic Order dated 5/23/2025.)  Now before the Court is Superb Plaintiffs' Motion for Reconsideration and moving papers on rulings that this Court made within those Orders (ECF Nos. 292-94), Harry Thomasson's Opposition (ECF No. 299), Deo Defendants' Opposition (ECF No. 300), and Superb Plaintiffs' Reply (ECF Nos. 303-04). For the reasons that follow, Superb Plaintiffs' Motion for Reconsideration (ECF No. 292) is **DENIED**.

## LEGAL FRAMEWORK

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked.  Loc. Civ. R. 6.3. Failure to comply with these requirements warrants denial of the motion. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for

---

[1] "Deo Defendants" are Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. However, Harry Thomasson now represents himself as a *pro se* defendant.

[2] Superb Plaintiffs are Superb Motors Inc., Team Auto Sales LLC and Robert Anthony Urrutia.

appealing a final judgment."). The standards for reconsideration under Local Rule 6.3 and Fed. R. Civ. P. 59 are one of the same. *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 394 n.2 (S.D.N.Y. 2016).

Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). Notably, "a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC,* No. 14-cv-01061 (ADS) (SIL), 2017 U.S. Dist. LEXIS 77453, at *4 (E.D.N.Y. May 22, 2017) (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple). Put simply, a reconsideration motion is not appropriate to simply secure a "do-over." *See Schansman v. Sberbank of Russia PJSC*, No. 19-CV-2985 (ALC) (GWG), 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (collecting cases) (Parties are "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.")

All that said, reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v.*

*YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (same); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (same). Moreover, Rule 60(b) permits relief from an order or judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b). The question, therefore, is whether any of these grounds have been met. And, it is also within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

Reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." *In re Bouka*, 654 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)). Thus, "[a] narrow application of the rule not only 'helps [] to ensure the finality of decisions,' but also 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Id.* (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)).

Keeping these principles in mind, the Court considers the instant motion.

## DISCUSSION

Superb Plaintiffs seek reconsideration of this Court's (i) May 23, 2025 Order (*see* ECF No. 286) that denied Superb Plaintiffs' renewed "Emergency Order" to show cause to modify the preliminary injunction to permit them to sell the remaining injuncted vehicles, and (ii) May 22, 2025 Order finding Superb Plaintiffs in contempt for failure to provide odometer readings as previously ordered by the Court (ECF No. 279 at 9-10). (ECF No. 292.) Within this Motion, Superb Plaintiffs seek related or ancillary relief, which the undersigned addresses accordingly.

A brief background is helpful here to shed light on this road that has been well-traveled before. On April 29, 2025, Plaintiffs filed a Motion for Order to Show Cause to modify the Injunction because the location where the Superb Injuncted Vehicles were held in Connecticut was no longer feasible.[3] (*See* ECF Nos. 256-57.) Plaintiffs also requested that non-party and proposed intervenor Nissan Motor Acceptance Company LLC ("Nissan") be permitted to store the Vehicles. (*Id.*) To address this, the undersigned held a Conference on May 9, 2025. During that Conference, Plaintiffs could not provide with certainty any details of where proposed intervenor Nissan would store the Vehicles and the Court did not permit the sale of any vehicles because Deo Defendants had not retained counsel by this time.[4] (ECF No. 267.) Due to the Plaintiff's failure to provide other locations to store the Vehicles, the undersigned allowed the Vehicles to be stored at Deo Defendants' Lot located in Hicksville, New York, with *clear* instruction on how the Vehicles shall be stored to ensure they are adequately protected and directed that the relocation be complete by May 23, 2025. (*See id.*)

On May 20, 2025, Plaintiffs moved for reconsideration of the May 9, 2025 Order without providing the Court with any overlooked matters. (ECF No. 271.)  Specifically, the undersigned wrote:

> Plaintiffs seek a 'do-over' on the eve of their deadline to deliver the Injuncted Superb Vehicles to the Deo Lot. Moreover, Plaintiffs assert that the Court overlooked the potential damage that could occur by the Deo Defendants holding the Vehicles. Contrary to that assertion, the Court provided clear direction and imposed certain conditions to preserve the parties' assets at the last Conference. As to the 'newly available evidence' that Plaintiffs submit, this still does not provide a long-term solution. Specifically, Plaintiffs state that they 'have negotiated a deal with the landlord of the Hartford Lot for the Superb Injuncted Vehicles to remain there until the closing date, currently scheduled for June 9, 2025, and thereafter to

---

[3] The Superb Injuncted Vehicles are defined in ECF No. 55.

[4] Prior Counsel to Deo Defendants filed a Motion to Withdraw as counsel. (ECF No. 242.) The Court granted this motion and as a result, Deo Defendants did not have Counsel until May 21, 2025. (*See* Electronic Order dated 4/22/2025; ECF No. 276.)

> either remain at the Hartford Lot pending a deal with the purchaser of the Hartford
> Lot, or to be moved less than fifteen (15) miles away to 223 Broad Street, Bristol,
> CT 06010 (the 'New Premises') subject to the Superb Plaintiffs' agreement with the
> landlord for the New Premises.' These proposed modifications are not concrete and
> are subject to the agreements of two third parties, the New Premises landlord or the
> new purchaser of the Hartford Lot. Absent here is evidence that would reasonably
> alter the undersigned's conclusion at the previous Conference.

(Electronic Order May 21, 2025.) So, the undersigned denied that motion. (*Id.*)

On May 21, 2025, Counsel for Deo Defendants filed a notice of appearance. (ECF No. 276.) On May 22, 2025, Mr. Thomasson requested that the Vehicles be delivered with the keys, title documents and by 6:00pm on May 23, 2025, which this Court granted. (ECF No. 277; Electronic Order dated 5/22/2025.)

Approximately twenty-four hours before the deadline to deliver the Vehicles, Plaintiffs filed an "Emergency MOTION for Order to Show Cause *to permit the sale of the remaining Superb Injuncted Vehicles owned*." (ECF No. 280.) Due to the timeframe and nature of this application, the undersigned held a virtual hearing to provide Plaintiffs with an opportunity to be heard. (*See* Electronic Order dated 5/23/2025.) To summarize this proceeding, the undersigned asked that Plaintiffs articulate the irreparable harm they would suffer if the motion were denied. Without addressing irreparable harm, Plaintiffs focused instead on the cost of relocating the Vehicles. (*See* ECF No. 290.) Notably, Plaintiffs were afforded from May 9, 2025 to May 23, 2025 to make arrangements and learn of the costs. With that, the undersigned denied the application stating, "the grounds urged to modify the injunction - the cost to move vehicles and the threat that Plaintiffs will be in contempt - does not establish irreparable harm sufficient to modify the Injunction which was modified on May 9, 2025." (Electronic Order dated 5/23/2025; ECF No. 290.) That same day, Plaintiffs filed a Notice of Appeal. (ECF No. 285.)[5] In sum,

---

[5] The Second Circuit has stayed the time to review the appeal until the present Motion is addressed. (*See* ECF No. 295.)

Plaintiffs have moved for reconsideration in one way or another three times including the instant motion. (ECF Nos. 271, 280, 292.)

As an initial matter, the undersigned recognizes that this Court has jurisdiction to decide the instant motion while an appeal is pending before the Second Circuit. *See Shomo v. Eckert*, 755 F. Supp. 3d 344, 347 (W.D.N.Y. 2024) ("Normally the filing of a notice of appeal would divest this Court of jurisdiction, … but a timely motion under Rule 59(e) or Rule 60(b) typically means that any subsequent notice of appeal does not become effective until the order disposing of the motion under Rule 59(e) or Rule 60(b) is entered[.] … This principle has been extended to Rule 59(e) and Rule 60(b) motions filed after an appeal has been taken. "); *Martinez v. Hasper,* No. 15-CV-5724 (EK)(LB), 2022 WL 118720, at *1 (E.D.N.Y. Jan. 12, 2022) (collecting cases) ("District courts in the Southern and Eastern Districts of New York have generally concluded that they have jurisdiction to resolve timely filed motions under Rule 59(e) and Rule 60(b) even where a notice of appeal is filed before one of those motions.")

## I.      <u>Reconsideration</u>

Here, although the Superb Plaintiffs do not inform the Court the Rule under which reconsideration is sought, the Court reviews this motion under Local Rule 6.3, and Fed. R. Civ. P. 59 and 60.

Local Rule 6.3 states "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged," which is complied with here. *See* Loc. Civ. R. 6.3. Likewise, under Fed. R. Civ. P. 59(e), the Motion is procedurally proper. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Since Rule 59 outlines the same standard for reconsideration as Local Rule 6.3 requires, the undersigned analyzes this motion under these rules together. *See*

*Naiman v. New York Univ. Hosps. Ctr.*, No. 95-CV-6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) ("Motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure are governed by the same standards as those governing motions under Rule 6.3 of the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York."); *Henderson*, 502 F. Supp. 2d at 375 (same); *Levitant v. Workers Comp. Bd. of New York*, No. 16-CV-6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) ("The standards for relief' under Rule 59(e) are 'identical' to those for motions for reconsideration under Local Civil Rule 6.3.")

Having determined that proper procedure was followed, the Court proceeds to analyze the merits of the motion. "The standard for granting a motion for reconsideration is strict: 'reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Cuomo v. Off. of the New York State Att'y Gen.*, 727 F. Supp. 3d 231, 234 (E.D.N.Y. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Moreover, Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### A. *Finding of Contempt*

As for Superb Plaintiffs' assertion that the Court overlooked any facts regarding this Court's finding of contempt, that is incorrect. Indeed, Superb Plaintiffs decided to ignore Deo Defendants' arguments on the three missing odometer readings in their Opposition papers and focused primarily on the issue of whether additional miles were placed on the vehicles. (ECF Nos. 227-28.) Given that the Court was not offered any opposition to the failure to provide the three odometer readings, an Order was issued finding Superb Plaintiffs in contempt for failure to provide odometer readings. (ECF No. 279 at 9-10.) Now, Superb Plaintiffs in the eleventh hour inform the Court that it "overlooked the fact the Superb Plaintiffs previously reported to this Court that the 2016 F150 was repossessed in March 2024 such that they could not submit odometer readings by January 2025." (ECF No. 293 at 5.) Superb Plaintiffs point to ECF No. 157-1 at ¶ 74 n. 9, where Superb Plaintiffs stated "[f]or example, one Injuncted Superb Vehicle bearing VIN No.: 1FTEW1EF1GFB67420 was recently repossessed by a repo company because the Deo Defendants never paid the outstanding lien on it, which they obtained as a trade-in[.]" (*Id.* at 1.) The Court now takes judicial notice that Superb Plaintiffs in a footnote on an unrelated filing indicated this fact over a year ago in their Proposed Findings of Fact & Conclusions of Law in Support of Their Motion for Modify the Preliminary Injunction. (*See* ECF No. 157.) However, nowhere in opposition to the contempt motion was that raised. Plaintiff 's suggestion that the Court should undertake the role of a truffle hog in search of facts not raised is rejected. *See Tyson v. Town of* Ramapo, 17-CV-04990 (PMH), 2023 WL 3044623, at *1 (S.D.N.Y. Apr. 21, 2023) ("Judges are not like pigs, hunting for truffles buried in briefs or the record"). Thus, the Court did not overlook any facts that *were provided, presented or argued* in Superb Plaintiffs' Opposition.

With that, the Court's finding of contempt on the part of Superb Plaintiffs for failure to provide odometer readings for the following vehicles: (1) 2016 Ford F-150 – VIN #1FTEW1EF1GFB67420, (2) 2021 Isuzu Flatbed – VIN #JALE5W162M7301006, and (3) 2020 Isuzu Flatbed – VIN #JALE5W164L7306190, was warranted. However, even considering now the prior repossession of the 2016 Ford F-150 vehicle with a VIN number ending in 7420, the Superb Plaintiffs are nevertheless in contempt for admittedly failing to provide an odometer reading with respect to the two other vehicles with VIN numbers ending in 1006 and 6190. Superb Plaintiffs' assertion that Counsel, Mr. Kataev "failed to submit odometer readings for the two (2) Isuzu trucks due to an oversight" is a reason to reconsider "an award of attorneys' fees for the failure to provide the odometer readings for the three (3) vehicles is warranted," is not a basis for reconsideration. (ECF No. 293 at 5.) First and foremost, the Court did not overlook this fact as it was not provided to the undersigned nor is Counsel's "oversight" a conceivable reason for the Court to change its decision. As previously mentioned, motions for reconsideration are not an opportunity for a party to request a do-over. *See Sanmina Corp. v. Dialight PLC*, No. 19-CV-11710, 2023 WL 11898806, at *3 (S.D.N.Y. Dec. 29, 2023) (internal citations omitted) ("Importantly, a reconsideration motion is not a vehicle (i) to 'introduce additional facts not in the record on the original motion'; (ii) to 'advance[ ] new arguments or issues that could have been raised on the original motion'; or (iii) to 'relitigate an issue already decided.'")

Therefore, under either Rule (Local Rule 6.3 or Federal Rules 59(e) and 60(b)), Superb Plaintiffs' Motion for Reconsideration is denied with the Court acknowledgement that the F-150 has been repossessed, which does not change the outcome of the earlier contempt Order.

### B. *The May 23, 2025 Order*

Next, Plaintiffs write to the Court stating "because Team is a party to this case, and since Superb was found to have established irreparable harm due to its closure to permit the sale of the vehicles it owns, Team should similarly be found to have established irreparable harm due to its closure in March 2025 such that this Court should reconsider its May 23, 2025 denial of the Superb Plaintiffs' Order to show cause and permit the vehicles Team owns to similarly be sold." (ECF No. 293 at 6.) In Superb's supporting papers, they outline the status of the Vehicles. Currently, there are thirteen vehicles remaining from the thirty because: (i) twelve vehicles were recently sold pursuant to this Court's May 8, 2024 Order allowing for the sale (ECF No. 172), (ii) two vehicles were also sold by Nissan without *as alleged* Superb's involvement, (iii) two more vehicles, specifically the two flatbed trucks were repossessed and sold by non-party Next Gear Capital Inc., again *as alleged* without Superb's involvement and (iv) the 2016 Ford F-150 was likewise repossessed by non-party LendBuzz Funding in March of 2024. (ECF No. 294 at ¶¶ 61-97.) Plaintiffs have now clarified that the remaining thirteen Vehicles are owned by Team Auto Sales LLC, a party to this case, whereas prior to this there were Vehicles owned by non-parties. (*Id.* at ¶¶ 97-102.) Although this is news to the Court and considered new evidence, this is not something that the undersigned overlooked. Put simply, when the Court denied the sale of the remaining Superb Injucted Vehicles multiple times, Plaintiffs never laid out the status of the Vehicles as it chose to now, three reconsideration motions later. *See City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013) ("[a] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.")

Moreover, Mr. Thomasson in his opposition focuses on the sales and repossessions conducted by non-parties rather than any argument as to title for the remaining thirteen Vehicles. (*See generally* ECF No. 299.) Likewise, Deo Defendants join Mr. Thomasson's opposition in full and adds that this Court restrict Plaintiffs from filing further motions, which at this stage, the Court declines to do. (*See* ECF No. 300.)

As to the merits of the motion for reconsideration made under either Local Rule 6.3 and Federal Rules 59(e) and 60(b), there are no grounds to change or modify the Court's earlier Order. *See* Loc. Civ. R. 6.3 ("There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked."); *see Blue Castle (Cayman) Ltd. v. Jones*, No. 2:24-CV-953 (NJC) (ARL), 2025 WL 51215, at *1 (E.D.N.Y. Jan. 8, 2025) ("Plaintiff has not identified any intervening change in controlling law, new evidence, mistake, or the need to correct clear error that would warrant reconsideration under Rules 59, 60, or Local Rule 6.3.") Since "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[,]'" the court declines the instant motion. *Levitant*, 2019 WL 5853438, at *1 (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). This is because the motion fails to identify how the Court overlooked facts that would change the previous outcome. *See Shrader*, 70 F.3d at 257 ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *B & R Supermarket, Inc. v. Visa Inc.*, No. 17-CV-2738 (MKB), 2025 WL 510041, at *2 (E.D.N.Y.

Feb. 14, 2025) (same). The absence of any allegations that the Court overlooked any material facts, misapplied the law, or that circumstances have changed, leads to denial.

## II.    <u>Other Requested Relief</u>

Plaintiffs include other varied requests within the instant motion.

*First*, Plaintiffs seek a stay pending the Second Circuit's decision on appeal. (ECF No. 293 at 3.) The Court finds this request reasonable and thus grants a stay pending resolution of the appeal from the Order. *See Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009) ("When issuing a certificate of appealability, the court also has the discretion to stay the proceedings; such stay is not automatic, however.") In connection with this request, Plaintiffs further ask that if the Second Circuit denies the appeal or the Order affirmed, that they receive an extension of two weeks from that date to arrange for the delivery of the Vehicles. (ECF No. 293 at 3.) The stay issued herein will remain in effect for five days following decision entered by the Second Circuit to enable compliance.

*Second*, Plaintiffs aver that the Court erred in making a determination that Superb encumbered the Vehicles when they entered into the "Surrender Agreement" in January of this year with Nissan. (*Id.*) Plaintiffs cite a provision within that Agreement for the proposition that no encumbrance occurred due to a carve out, which states,

> The Parties hereby agree that nothing within this Possession and Surrender Agreement addresses, disposes of, or otherwise changes the legal status, possession, or location of the Enjoined Vehicles. The Parties agree that NMAC and Obligors reserve all rights with respect to the Enjoined Vehicles, to be determined at a later date and *after either (a) the injunction has been lifted, or (b) another order from a court of competent jurisdiction directs disposition of the Enjoined Vehicles.*

(*Id.*) (emphasis in original). When the Court issued a ruling on Nissan's Motion to Intervene (ECF No. 229), the undersigned reviewed this provision and determined that this was an encumbrance. In simple words, Plaintiffs by signing this agreement far after the entry of the

13

Injunction, allowed Nissan to have an interest in the property by "reserve[ing] all rights with respect to the Enjoined Vehicles, to be determined at a later date." (ECF No. 293 at 3.) Even though there is language that Nissan would determine its rights after the Injunction is lifted or otherwise ordered by the Court, it enables Nissan to have stake in the Vehicles. The definition of encumbrance is: "a claim against an asset by an entity that is not the owner. Common types of encumbrances against real property include liens, easements, leases, mortgages, or restrictive covenants. Encumbrances impact the transferability and/or use of subjected properties."[6] Therefore, the Court did not err in its determination.

 *Third*, Plaintiffs discuss the sales of the Vehicles by Nissan and Next Gear Capital Inc., to set forth that they were not part of these actions. (ECF No. 293 at 4.) The Court declines to address these at this juncture as there will be anticipated motions by the parties for the merits of both the sale of the twelve Superb Injuncted Vehicles as well as the sales conducted by third parties as indicated in Oppositions to this Motion and the Motion to Transfer Funds to Escrow. (*See* ECF Nos. 299-301.)

---

[6] LEGAL INFORMATION INSTITUTE, Encumbrance, https://www.law.cornell.edu/wex/encumbrance (last visited on June 24, 2025, at 9:00PM).

## <u>CONCLUSION</u>

For the reasons stated herein, Superb Plaintiff's Motion for Reconsideration (ECF No. 292) is **DENIED**, and a stay of the May 23, 2025, Order concerning relocation of the Vehicles is granted through and including five days after decision is entered by the Second Circuit.

Dated: Central Islip, New York
      June 26, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

15