UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-1330

**Caption [use short title]**

**Motion for:** Non-Compliance Sanctions Pursuant to Local Rule 33.1(g)

Set forth below precise, complete statement of relief sought:

Plaintiff-Appellants Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia respectfully seek an Order issuing non-compliance sanctions against the Deo Defendants for their failure to comply in good faith with this Court's CAMP Order

**Superb Motors Inc., et al. v. Deo, et al.**

**MOVING PARTY:** Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia

**OPPOSING PARTY:** Anthony Deo, Sara Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers N'

☑ Plaintiff  ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Sage Legal LLC

**OPPOSING ATTORNEY:** Linden Law Group, P.C.

[name of attorney, with firm, address, phone number and e-mail]

Emanuel Kataev, Esq.
18211 Jamaica Avenue, Jamaica, NY 11423-2327
(718) 412-2421 emanuel@sagelegal.nyc

Jeffrey Benjamin, Esq.
250 Park Avenue, 7th Floor, New York, NY 10177
(212) 655-9536 jbenjamin@nyfraudlaw.com

**Court- Judge/ Agency appealed from:** United States District Court for the Eastern District of New York, Hon. James M. Wicks, U.S.M.J.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☑ Yes  ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Emanuel Kataev, Esq.    **Date:** 9/9/2025    **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

**Docket No.: 25-1330**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-APPELLANTS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MOTION FOR NON-COMPLIANCE SANCTIONS AGAINST DEO DEFENDANTS <u>PURSUANT TO LOCAL RULE 33.1(g)</u>**

**PRELIMINARY STATEMENT**

This motion respectfully seeks non-compliance sanctions pursuant to Local Rule 33.1(g) against Defendants Anthony Deo, Sara Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp., and DLA Capital Partners Inc. (collectively hereinafter the "Deo Defendants") for their failure to appear at the in-person September 9, 2025 Civil Appeals Mediation Program ("CAMP") conference and notifying the Court less than twenty-four (24) hours of their intention not to appear, resulting in wasted time, effort, and travel expenses associated with Plaintiff-Appellants Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs" or "Appellants") compliance with the CAMP conference Order.

This case has a long and tortured history; a summary of the relevant facts is thus presented here. Urrutia owned four (4) automobile dealerships, one of which was Superb, a luxury used car dealership in Great Neck, New York. Deo fraudulently induced Urrutia to become involved in Superb and engaged in various wide-ranging schemes[1] to defraud Urrutia and Superb,[2] resulting in the termination of Superb's floor plan lines of credit with two (2) floor plan lenders.

---

[1] The court below denied the Deo Defendants' motion to dismiss and found that the Plaintiffs' detailed complaint stated a claim for relief under the Racketeer Influenced and Corrupt Organizations ("RICO") Act as well as an amalgam of state law claims.

[2] Unbeknownst to Urrutia, he is not the only victim of the Deo Defendants. Island Auto Group later joined in the case below after discontinuing a state court action against Deo and others arising out of the same conduct perpetrated by him at that group of dealerships. Recently, a third victim came to light based on a lawsuit filed against Deo. See JCJD, Inc. v. Deo, et al.; Index No.: 616451/2025 (Nassau County Supreme Court).

Superb and Urrutia's remaining dealerships have since shut down and ceased operations. The operating capital of the remaining dealerships – which were cross-collateralized with Superb – was sucked dry due to required payoffs by the floor plan lenders following Superb's terminated floor plan line of credit. Further, Superb could not recover funds taken due to the Deo Defendants' retaining possession of six (6) injuncted vehicles, valued at half a million dollars (exclusive of depreciation costs for all the injuncted vehicles), which similarly crippled the remaining dealerships' viability as a going concern.

In the course of the proceedings below, the Deo Defendants – by and through Defendant Harry R. Thomasson, Esq. ("Thomasson"), their attorney who has been disqualified from representing them but continues to appear on behalf of himself and make arguments for them – have indicated that they would be willing to sell[3] all the injuncted vehicles and place the proceeds into escrow pending a determination by the Court as to who is entitled to these funds.

The CAMP conference was thus a ripe opportunity to explore this resolution to obviate the need for the instant appeal.

Notwithstanding the entry of a CAMP Order and no less than three (3) separate reminder emails from the CAMP support office, on the day prior to the CAMP conference, two (2) attorneys representing the Deo Defendants (none of whom are admitted in this Court, and each of whom has failed to file a notice of appearance as required by this Court's rules), informed the CAMP support office that they would not be appearing at the CAMP conference. For the reasons set forth below, non-compliance sanctions are warranted due to the Deo Defendants' bad faith in failing to appear at the CAMP conference and failing to be diligent enough to earlier seek an adjournment.

---

[3] Doing so would serve the purposes of the Injunction, which is to preserve the resale value of the vehicles, as the passage of time serves to erode the resale value of the injuncted vehicles given depreciation.

## **FACTS**

The instant appeal was noticed on May 23, 2025. See ECF Docket Entry 1. On the same day, Appellants filed a motion to stay compliance with the district court's Order and to expedite this appeal. See ECF Docket Entry 10. On July 18, 2025, Thomasson filed a letter notwithstanding the fact he is not admitted to this Court indicating that he agreed to the relief requested by the Appellants in their motion for a stay. See ECF Docket Entry 15.

On July 28, 2025, this Court entered a CAMP Order requiring an in-person settlement conference to proceed on September 9, 2025 at 10:30 AM. See ECF Docket Entry 22. As such, the Deo Defendants had forty-three (43) days' notice to determine how they wish to proceed with the CAMP conference. Critically, the Order provided, *inter alia*, that: (i) it was made pursuant to Local Rule 33.1(g); and (ii) clients and counsel must attend (emphasis added).

On August 26, 2025, two weeks before the September 9, 2025 CAMP conference, the Mediation Coordinator from CAMP sent an email reminder to all counsel of record, including Thomasson and Jeffrey Benjamin, Esq. ("Benjamin") reminding them of the CAMP conference. The email provided, *inter alia*, that: (i) there *must* be present for each party at least one lawyer who has filed a Notice of Appearance by the time the mediation is held; and (ii) clients are *required* to attend.

On September 3, 2025, six (6) days before the September 9, 2025 CAMP conference, the Mediation Coordinator from CAMP sent another email reminder to all counsel of record, including Thomasson and Benjamin, reminding them of the CAMP conference and reiterating the foregoing points. On September 8, 2025, one (1) day before the CAMP conference, the Mediation Coordinator from CAMP sent a final email reminder to all counsel of record, including Thomasson and Benjamin, reminding them of the CAMP conference and reiterating the same points.

At 2:36 PM that same day, less than twenty-four (24) hours from the 10:30 AM CAMP conference the following day, Benjamin wrote to the Mediation Coordinator stating: "I am not able to attend tomorrow's Mediation due to a critical medical appointment at the same time. In addition, Mr. Thomasson is likewise unavailable due to certain medical difficulties of his own, for which he is seeking resolution as we speak. As such, I must ask for an adjournment." Benjamin added: "it is mine and Mr. Thomasson's position that a Mediation will be utterly futile and would ask the Court to discharge us from CAMP. We certainly can explain this in a conference by phone or video if it is necessary, but we strongly believe there is no room for any discussion in this matter."

Critically, Benjamin fails to explain when his medical appointment was made in juxtaposition to the date he was notified of the CAMP conference, why the medical appointment was critical, and why he could not earlier seek an adjournment. More importantly, in the same nonchalant and cavalier manner in which the Deo Defendants sought an adjournment, the true impetus of their correspondence evinced their willingness to flout this Court's Orders by requesting to be "discharged" from CAMP.

By the time Benjamin sent this correspondence, Urrutia – who resides in Costa Rica – was at the airport, forty-five (45) minutes from boarding a plane in order to attend the CAMP conference in-person as required by this Court's Order.

On September 9, 2025, this Court issued an Order notifying the Deo Defendants that they have failed to file an acknowledgment and notice of appearance. See ECF Docket Entry 40.

## STANDARD OF REVIEW

This Court has jurisdiction to decide this motion pursuant to Local Rule 33.1(g).

4

This rule provides that the court may, after affording notice and an opportunity to be heard, impose sanctions on an attorney or party who does not participate in good faith in the CAMP program.

For the reasons set forth below, the Deo Defendants' conduct and cavalier attitude towards the CAMP Order requiring them and their counsel to appear in person warrants the imposition of sanctions.

## ARGUMENT

### THE DEO DEFENDANTS' REFUSAL TO APPEAR AT THE CAMP CONFERENCE WAS IN BAD FAITH

Thomasson and Benjamin were each on notice that they were required to appear with their clients for the CAMP conference no less than four (4) times: on July 28, 2025, August 26, 2025, September 3, 2025, and September 8, 2025. Each notice they received provided them with the ability to seek an adjournment due to a conflict or request to be excused from being required to attend the CAMP conference.

Instead of diligently doing so, the Deo Defendants waited until the very last minute, when Urrutia was already at the airport on the way to New York from Costa Rica where he resides, to notify the CAMP support office that they would not be appearing due to vague medical appointment and based on Thomasson's alleged health issues.

The Deo Defendants have a history of engaging in dilly-dally and delay to frustrate the Plaintiffs from having their day in court. Thomasson has mastered the art of the delay, using all manner of excuses in the district court below, including – but not limited to – (i) a flat tire; (ii) driving over a log causing damage to his vehicle; (iii) vacation; (iv) taking care of his sick son; (v) taking care of an allegedly terminally ill life partner; (vi) suffering a fall; and (vii) suffering not one, but two, strokes that allegedly put him out of commission for the Summer.

5

A review of the record in the district court case below and the non-existent evidence supporting the Deo Defendants' counsel's professed reasons for failing to appear should leave this Court with the inescapable conclusion that their failure to appear at the CAMP conference was made in bad faith.

Notably, the CAMP support office did not grant the Deo Defendants' eleventh hour request to "discharge" them from requiring to appear, and has now converted the CAMP conference to proceed telephonically on October 21, 2025. <u>See</u> ECF Docket Entry 39.

Because the Deo Defendants have failed to participate in good faith in the CAMP program, non-compliance sanctions must be issued.

## **CONCLUSION**

For the foregoing reasons, the Appellants' motion for non-compliance sanctions should be granted.

Dated: Jamaica, New York
      September 9, 2025

Respectfully submitted,

**SAGE LEGAL LLC**
  __/s/ *Emanuel Kataev, Esq.*____
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Appellants
Superb Motors Inc.,
Team Auto Sales LLC, and
Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

6

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
-----------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 25-1330

**DECLARATION IN SUPPORT**

                       Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                       Defendants.
-----------------------------------------------------------------X

Emanuel Kataev, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and am a member of Sage Legal LLC, who are the attorneys for the Plaintiff-Appellants Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs" or "Appellants") in this case.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3. A true and accurate copy of the August 26, 2025 email correspondence with the CAMP support office is annexed hereto as **Exhibit "A."**

4. A true and accurate copy of the September 3, 2025 email correspondence with the CAMP support office is annexed hereto as **Exhibit "B."**

5. A true and accurate copy of the September 8, 2025 email correspondence with the CAMP support office is annexed hereto as **Exhibit "C."**

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 9, 2025.

                                                     */s/ Emanuel Kataev, Esq.*
                                                     Emanuel Kataev, Esq.

# Emanuel Kataev

| | |
|---|---|
| **From:** | CA02db CampSupport <camp_support@ca2.uscourts.gov> |
| **Sent:** | Tuesday, August 26, 2025 7:47 AM |
| **To:** | Emanuel Kataev; jbenjamin@nyfraudlaw.com; hrtatty@verizon.net; bgolub@wgpllp.com; nsavino@zeklaw.com |
| **Subject:** | Reminder of Mediation in Superb Motors Inc. v. Deo DKT# 25-1330 |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

Dear Counsel:

This is to remind you of the upcoming in-person mediation with Dean W. M. Leslie, Circuit Mediator, in the matter of Superb Motors Inc. v. Deo DKT# 25-1330 on Tuesday, September 9, 2025 at 10:30 AM in Room 622 at 40 Foley Square, New York, NY (Please use the Pearl Street elevators).

**What to Do**

1. Send the name, phone number, and email address of each party and insurance representative who will participate in the mediation to Camp_Support@ca2.uscourts.gov.

2. We encourage you to send, *at least two business days prior* to the mediation, a confidential mediation statement using the following form as a template [Mediation Statement]. **Please do not file the form on CM/ECF as it is confidential.** You may send it to opposing counsel if you so desire, however, you are not required to do so.

3. Review Local Rule 33.1 and Mediation FAQs [Mediation FAQs].

**What to Know**

1. There must be present for each party at least one lawyer who has filed a Notice of Appearance by the time the mediation is held. Counsel must be admitted to the Second Circuit or have applied for such admission.

2. Clients **are required** to attend. For mediations involving **government entities**, please review Q-17 of the FAQs.

3. Insurance representatives, if relevant, **are required** to attend.

4. Please allot at least three (3) hours for the mediation.

5. The scheduling of mediation does not stay, or otherwise affect, the briefing schedule in any manner.

6. Any requests or concerns regarding mediation should be sent to Camp_Support@ca2.uscourts.gov.

1

STEVEN LI

Mediation Coordinator, Civil Appeals Mediation Program (CAMP)
[United States Court of Appeals for the Second Circuit](#)
Thurgood Marshall United States Courthouse
40 Foley Square, Room 624
New York, New York 10007
Tel: (212) 857-8760
Email: [Camp_Support@ca2.uscourts.gov](mailto:Camp_Support@ca2.uscourts.gov)



CONFIDENTIALITY. Information relating to a CAMP proceeding is confidential and is not included
in court files or disclosed to the judges of this court except to the extent disclosed by an order
entered as a result of a CAMP proceeding. The attorneys and other participants are prohibited
from disclosing what is said in a CAMP proceeding to anyone other than clients, principals or
co-counsel, and then, only upon receiving due assurance that the recipient will honor confidentiality.

[CAMP rules and forms.](#)    [Mediation FAQs.](#)

2

# Emanuel Kataev

| | |
|---|---|
| **From:** | CA02db CampSupport <camp_support@ca2.uscourts.gov> |
| **Sent:** | Wednesday, September 3, 2025 9:29 AM |
| **To:** | Emanuel Kataev; jbenjamin@nyfraudlaw.com; hrtatty@verizon.net; bgolub@wgpllp.com; nsavino@zeklaw.com |
| **Subject:** | Final Reminder of Mediation in Superb Motors Inc. v. Deo DKT# 25-1330 |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

Dear Counsel:

This is a final reminder of the upcoming in-person mediation with Dean W. M. Leslie, Circuit Mediator, in the matter of Superb Motors Inc. v. Deo DKT# 25-1330 on Tuesday, September 9, 2025 at 10:30 AM in Room 622 at 40 Foley Square, New York, NY (Please use the Pearl Street elevators).

**What to Do**

1. Send the name, phone number, and email address of each party and insurance representative who will participate in the mediation to Camp_Support@ca2.uscourts.gov.

2. We encourage you to send, *at least two business days prior* to the mediation, a confidential mediation statement using the following form as a template [Mediation Statement]. **Please do not file the form on CM/ECF as it is confidential.** You may send it to opposing counsel if you so desire, however, you are not required to do so.

3. Review Local Rule 33.1 and Mediation FAQs [Mediation FAQs].

**What to Know**

1. There must be present for each party at least one lawyer who has filed a Notice of Appearance by the time the mediation is held. Counsel must be admitted to the Second Circuit or have applied for such admission.

2. Clients **are required** to attend. For mediations involving **government entities**, please review Q-17 of the FAQs.

3. Insurance representatives, if relevant, **are required** to attend.

4. Please allot at least three (3) hours for the mediation.

5. The scheduling of mediation does not stay, or otherwise affect, the briefing schedule in any manner.

6. Any requests or concerns regarding mediation should be sent to Camp_Support@ca2.uscourts.gov.

1

STEVEN LI

Mediation Coordinator, Civil Appeals Mediation Program (CAMP)
[United States Court of Appeals for the Second Circuit](#)
Thurgood Marshall United States Courthouse
40 Foley Square, Room 624
New York, New York 10007
Tel: (212) 857-8760
Email: [Camp_Support@ca2.uscourts.gov](mailto:Camp_Support@ca2.uscourts.gov)



CONFIDENTIALITY. Information relating to a CAMP proceeding is confidential and is not included
in court files or disclosed to the judges of this court except to the extent disclosed by an order
entered as a result of a CAMP proceeding. The attorneys and other participants are prohibited
from disclosing what is said in a CAMP proceeding to anyone other than clients, principals or
co-counsel, and then, only upon receiving due assurance that the recipient will honor confidentiality.

[CAMP rules and forms.](#)                              [Mediation FAQs.](#)

2

# Emanuel Kataev

| | |
|---|---|
| **From:** | Jeffrey Benjamin <jbenjamin@nyfraudlaw.com> |
| **Sent:** | Monday, September 8, 2025 2:36 PM |
| **To:** | CA02db CampSupport |
| **Cc:** | Emanuel Kataev; hrtatty@verizon.net; bgolub@wgpllp.com; nsavino@zeklaw.com |
| **Subject:** | RE: Mediation in Superb Motors Inc. v. Deo DKT# 25-1330 |
| **Importance:** | High |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

Thank you Mr. Li. For the Deo parties, I am not able to attend tomorrow's Mediation due to a critical medical appointment at the same time. In addition, Mr. Thomasson is likewise unavailable due to certain medical difficulties of his own, for which he is seeking resolution as we speak. As such, I must ask for an adjournment.

In the alternative, it is mine and Mr. Thomasson's position that a Mediation will be utterly futile and would ask the Court to discharge us from CAMP. We certainly can explain this in a conference by phone or video if it is necessary, but we strongly believe there is no room for any discussion in this matter.

*Jeffrey Benjamin, Esq.*
THE LINDEN LAW GROUP, P.C.
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 655-9536

\*\*\*CONFIDENTIAL\*\*\*   This e-mail and any related replies and attachments are sent by an attorney and may contain confidential information that is legally privileged.  If you are not the intended recipient, or responsible to deliver it, you are hereby notified that any disclosure, copying, distribution or other use of any information contained herein or attached hereto is STRICTLY PROHIBITED.  If you have received this transmission in error, please notify us immediately by reply e-mail, or by calling (212) 655-9536 and destroy the original transmission without reading or saving same.

-----Original Message-----
From: "CA02db CampSupport" <camp_support@ca2.uscourts.gov>
Sent: Monday, September 8, 2025 11:41am
To: "emanuel@sagelegal.nyc" <emanuel@sagelegal.nyc>, "jbenjamin@nyfraudlaw.com" <jbenjamin@nyfraudlaw.com>, "hrtatty@verizon.net" <hrtatty@verizon.net>, "bgolub@wgpllp.com" <bgolub@wgpllp.com>, "nsavino@zeklaw.com" <nsavino@zeklaw.com>
Subject: RE: Mediation in Superb Motors Inc. v. Deo DKT# 25-1330

Dear Counselors,

This is a final reminder of the in-person mediation with Dean W. M. Leslie, Circuit Mediator, in the matter Superb Motors Inc. v. Deo DKT# 25-1330 scheduled to be held tomorrow, September 9, 2025 at 10:30 AM. If you haven't already done so, please provide your clients name, telephone number, and email address as soon as possible so that they can be added to the list of participants submitted to the Marshals service. In doing so, this allows participants to keep their electronics, in the case they need it for mediation.

Thank you for your attention in this matter. We look forward to speaking to you tomorrow.



STEVEN LI

        MEDIATION COORDINATOR, CIVIL APPEALS MEDIATION PROGRAM (CAMP)
        UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
        THURGOOD MARSHALL UNITED STATES COURTHOUSE
        40 FOLEY SQUARE, ROOM 624
        NEW YORK, NEW YORK 10007
        TEL: (212) 857-8760
        EMAIL: Camp_Support@ca2.uscourts.gov

CONFIDENTIALITY. INFORMATION RELATING TO A CAMP PROCEEDING IS CONFIDENTIAL AND IS NOT INCLUDED IN COURT FILES OR DISCLOSED TO THE JUDGES OF THIS COURT EXCEPT TO THE EXTENT DISCLOSED BY AN ORDER ENTERED AS A RESULT OF A CAMP PROCEEDING. THE ATTORNEYS AND OTHER PARTICIPANTS ARE PROHIBITED FROM DISCLOSING WHAT IS SAID IN A CAMP PROCEEDING TO ANYONE OTHER THAN CLIENTS, PRINCIPALS OR CO-COUNSEL, AND THEN, ONLY UPON RECEIVING DUE ASSURANCE THAT THE RECIPIENT WILL HONOR CONFIDENTIALITY.
CAMP RULES AND FORMS.                         MEDIATION FAQS.