UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
----------------------------------------------------------------------X

Docket No. 25-1330

SUPERB MOTORS, INC., TEAM AUTO SALES LLC., ROBERT ANTHONY URRUTIA, 189 SUNRISE HIGHWAY AUTO LLC., NORTHSHORE MOTOR LEASING, LLC., BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC, and ISLAND AUTO MANAGEMENT, LLC,

**DECLARATION OF COUNSEL FOR DEO DEFENDANTS IN OPPOSITION TO MOTION FOR SANCTIONS**

      Plaintiffs-Appellants,

  -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING, LLC,

      Defendants-Appellees.

----------------------------------------------------------------------X

1

Jeffrey Benjamin, pursuant to 28 U.S.C. § 1746, declares under the penalties provided by law that the following is true and correct:

1. I am counsel to the Deo Defendants and have knowledge of the facts recited herein.

2. I respond to the utterly frivolous motion for sanctions conjured up by counsel for Plaintiffs-Appellants, and oppose same.

3. At the outset and as a threshold matter, I respectfully note to the Court that moving counsel appears never to have objected to the Court's Mediation coordinator adjourning the mediation to the date chosen. Perhaps counsel's problem is with the Court's mediation coordinator. Yet he chooses to pursue his adversary.

4. This motion is counsel's first time, and bad-faith, objection to my simply asking for an adjournment, trying to second guess the reasons for my first-time and immediate adjournment request.

5. In brief, the mediation coordinator did not challenge my medical reasons for not being able to appear, and I will not expound upon them here, despite counsel for Plaintiffs-Appellant's discontent. Contrary to counsel's prefatory and outlandish accusations, I flouted no Court Orders, nor did I mean to. I first sought an adjournment of the mediation and intend to fully participate, if after a proposed conference, the mediator felt it would be fruitful.

6. Counsel for Plaintiffs appears not to understand that medical circumstances change with counsel over weeks and even days before an appearance is scheduled. The mediation coordinator did not challenge my reason given, and I respectfully believe the Court should not either.

7. Plaintiffs filed their case, and this appeal, in New York federal court, and whether they like it or not, have to prosecute and appear here, whether travelling internationally or not, understanding that circumstances arise that can delay proceedings.

8. On behalf of the Deo Defendants, I respectfully request this Court deny the motion for sanctions with prejudice, and issue an appropriate counter-sanction, *sua sponte*, for the mere bringing of such a frivolous and vexatious motion, along with such other and further relief as the Court deems necessary, just, equitable and proper.

Dated: New York, New York
September 19, 2025

Yours etc.
**THE LINDEN LAW GROUP, P.C.**

*Jeffrey Benjamin*

BY: JEFFREY BENJAMIN, ESQ.
*Attorneys for Deo Defendants*
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 655-9536