UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

---------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

**Docket No.: 25-2189(Con), 25-1330(L)**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.

---------------------------------------------------------------------X

**PLAINTIFFS' COMBINED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' THOMAS JONES, CPA, JONES, LITTLE & CO, CPA'S, LLP, FLUSHING BANK'S, AND J.P. MORGAN CHASE BANK, N.A.'S MOTION TO <u>DISMISS THE COMPLAINT FOR LACK OF JURISDICTION</u>**

**PRELIMINARY STATEMENT**

Defendants-Appellees' Thomas Jones, CPA ("Jones"), Jones, Little & Co, CPA's, LLP ("JLC"), Flushing Bank ("Flushing"), and J.P. Morgan Chase Bank, N.A.'s ("Chase") (Jones, JLC, Flushing, and Chase collectively hereinafter the "Moving Appellees") each move to dismiss the appeal at Docket No.: 25-2189 on the grounds that this Court lacks jurisdiction over the appeal because the district court's decision is non-final and the district court declined to certify a Rule 54(b) judgment or otherwise certify an interlocutory appeal under 28 U.S.C. § 1292. The Moving Appellees hang their hat on this point without regard to whether there are other bases' for this Court's exercise of jurisdiction over this combined appeal.

Namely, this Court has discretion to exercise jurisdiction over the subsequent appeal in light of the undisputed fact that this Court has jurisdiction over the earlier filed appeal at 25-1330. In addition, this Court may assume pendent appellate jurisdiction over the subsequent appeal because the issues are inextricably intertwined and the review of the subsequent appeal would ensure meaningful review of the earlier appeal. Finally, because the appeals were consolidated *sua sponte* by this Court, it may assume hypothetical jurisdiction over the subsequent appeal.

For the reasons discussed below, this Court should exercise jurisdiction over the subsequent combined appeal on the foregoing grounds as well as for judicial economy purposes. Specifically, the Moving Appellees waited until the proverbial eleventh hour to file their motions to dismiss after Appellants had already perfected their appeal and incurred the great cost and expense of putting the record together. Now that the appeal has been briefed together with the earlier-filed appeal, this Court should assume jurisdiction and decide this appeal on the merits because this Court is well within its authority to do so and since the Appellants have already expended the time, effort, and resources to file the appellate brief.

1

Indeed, doing anything differently would reward the Moving Appellees for sitting on their rights and not acting sooner, especially in light of the numerous available bases for this Court to exercise jurisdiction.

## FACTS

The earlier-filed appeal at Docket No.: 25-1330 was noticed on May 23, 2025. See 25-1330, ECF Docket Entry 1. On the same day, Appellants filed a motion to, *inter alia*, expedite this appeal. See 25-1330, ECF Docket Entry 10. On July 28, 2025, this Court entered an Order denying the motion and directed Appellants to file a Local Rule 32.1 scheduling notification. See 25-1330, ECF Docket Entry 20. On August 11, 2025, Appellants filed their Local Rule 32.1 scheduling notification. See 25-1330, ECF Docket Entry 29. On August 12, 2025, this Court entered an Order requiring the brief and appendix to be filed by October 27, 2025. See 25-1330, ECF Docket Entry 34.

On August 29, 2025, Appellants filed a second notice of appeal in the district court. See 25-2189, ECF Docket Entry 1. On September 26, 2025, Appellants filed their Local Rule 32.1 scheduling notification. See 25-2189, ECF Docket Entry 21. On August 12, 2025, this Court entered an Order requiring the brief and appendix to be filed by October 27, 2025. See 25-2189, ECF Docket Entry 34.

On October 15, 2025, this Court entered an Order consolidating the two appeals *sua sponte* and directing Appellants to file a consolidated brief addressing both appeals on or before December 22, 2025. See 25-2189, ECF Docket Entry 29.

On December 9, 2025, Appellants sought an extension of time to file the consolidated brief and appendix. See 25-1330, ECF Docket Entry 62 and 25-2189, ECF Docket Entry 30. On December 15, 2025, this Court denied Appellants' motion. See Id. at ECF Entries 63 and 31.

2

On December 19, 2025, Appellants moved in the district court for entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure and to certify an interlocutory appeal under 28 U.S.C. § 1292(b).  See Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 365.  On January 19, 2026, the district court denied the motion. Id., ECF Docket Entry 390.

On December 22, 2025, Appellants filed their consolidated brief and appendix.  See 25-1330, ECF Docket Entries 65-72.

On December 23, 2025, Defendant-Appellees Jones and JCL filed their Local Rule 31.2 scheduling notification setting March 20, 2026 as their deadline to file an appellate brief in opposition, which this Court so Ordered the very same day.  See 25-1330, ECF Docket Entries 76-77.

On the same date, Defendant-Appellee Flushing filed its Local Rule 31.2 scheduling notification setting March 20, 2026 as their deadline to file an appellate brief in opposition.  See 25-1330, ECF Docket Entry 79.

On December 29, 2025, Defendant-Appellee Chase filed its Local Rule 31.2 scheduling notification setting March 20, 2026 as their deadline to file an appellate brief in opposition.  See 25-1330, ECF Docket Entry 81.

On the same date, this Court issued a so-Ordered scheduling notification setting the deadline to file briefs for Flushing and Chase as March 20, 2026.  See 25-1330, ECF Docket Entry 83.     On March 13, 2026, rather than file their appellate brief due the following week, Jones and JLC filed their motion to dismiss.  See 25-1330, ECF Docket Entry 93.  On the same date, Flushing also filed a motion to dismiss.  See 25-1330, ECF Docket Entry 95.  On March 17, 2026, Chase also filed a motion to dismiss.  See 25-1330, ECF Docket Entry 97.

## STANDARD OF REVIEW

This Court must first determine that it has jurisdiction over the Appellants' combined appeal from the decisions at issue in the district court. Indeed, this Court is "obliged to raise the issue of our jurisdiction *nostra sponte* 'when it is questionable.'" See NAACP v. Merrill, 939 F.3d 470, 474 (2d Cir. 2019) (quoting Henrietta D. v. Giuliani, 246 F.3d 176, 179 (2d Cir. 2001)). "In the federal system, parties may appeal *ordinarily* only from 'final decisions of the district courts.'" See Palmieri v. Defaria, 88 F.3d 136, 139 (2d Cir. 1996) (emphasis added) (quoting 28 U.S.C. § 1291).

Before this Court may reach the merits of a case, it must generally determine whether it has jurisdiction over the case under Article III of the Constitution. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). However, where "the jurisdictional constraints are imposed by statute, not the Constitution, [this Court has] found it particularly prudent to assume hypothetical jurisdiction" where a jurisdictional issue is statutory when it arises from a statute or rule, and not from the Constitution. See Butcher v. Wendt, 975 F.3d 236, 242–43 (2d Cir. 2020) (quotation marks and alterations omitted); see also Miller v. Metro. Life Ins. Co., 979 F.3d 118, 122–23 (2d Cir. 2020); Conyers v. Rossides, 558 F.3d 137, 150 (2d Cir. 2009); Ivanishvili v. U.S. Dep't of Just., 433 F.3d 332, 338 n.2 (2d Cir. 2006); Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 817 n.11 (2d Cir. 2000).

Separate from hypothetical jurisdiction, where this Court has jurisdiction over an interlocutory appeal of one ruling, it has the discretion to exercise pendent appellate jurisdiction over other district court rulings that are "'inextricably intertwined'" or "'necessary to ensure meaningful review'" of the first. See Ross v. Am. Express Co., 547 F.3d 137, 142 (2d Cir.2008) (quoting Swint v. Chambers County Comm'n, 514 U.S. 35, 51 (1995)).

4

The Second Circuit has emphasized that its approach to determining jurisdiction – i.e., whether hypothetical, pendent appellate, or otherwise – should be consistent with the Supreme Court's guidance that it "give a 'practical rather than a technical construction' to section 1291." See Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 450 (2d Cir. 2013) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)).

## ARGUMENT

### THIS COURT MAY EXERCISE HYPOTHETICAL JURISDICTION

The Moving Appellees ignore the fact that the subsequent appeal at 25-2189 has been consolidated with the earlier filed appeal at 25-1330. In such circumstances, the Second Circuit has exercised hypothetical jurisdiction over the subsequent appeal despite not having appellate jurisdiction. See Zhang v. Zhang, No. 19-683, 2022 WL 2057793, at *2 (2d Cir. June 8, 2022) ("although Appellees brought a motion to dismiss this consolidated appeal on the basis that there is no final order from which Appellants may take a timely appeal, 'we may assume hypothetical jurisdiction' and decide the merits of a case when the potential jurisdictional defect is statutory rather than constitutional … Because the consolidated appeal presents a merits question similar to the one we are already deciding, we assume hypothetical jurisdiction …") (citing Butcher v. Wendt, 975 F.3d 236, 242 (2d Cir. 2020)).

As discussed in Butcher, this Court may assume hypothetical jurisdiction where the jurisdictional issue is statutory in nature, as is the case here. See Doyle v. U.S. Dep't of Homeland Sec., 959 F.3d 72, 79 (2d Cir. 2020); Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 137 n.22 (2d Cir. 2019); Ahmed v. Holder, 624 F.3d 150, 154–55 (2d Cir. 2010); Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004); United States v. Miller, 263 F.3d 1, 4 n.2 (2d Cir. 2001).

Here, the Moving Appellees fail to address hypothetical jurisdiction, which this Court may plainly exercise. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998) ("While some ... cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is always an antecedent question, none of them even approaches approval of a doctrine of hypothetical jurisdiction that enables a court to resolve contested questions of law when its jurisdiction is in doubt").

Indeed, the questions presented in the appeal are pure questions of law which may easily be resolved on appeal. See Id. at 89 (holding that issues relating to the merits of an action, almost by definition, are not jurisdictional). As a result, just like this Court did in Zhang, this Court should exercise hypothetical jurisdiction over the subsequent appeal at 25-2189 in deciding this consolidated appeal with 25-1330.

## THIS COURT MAY EXERCISE PENDENT APPELLATE JURISDICTION

Moreover, this Court can assume pendent appellate jurisdiction over issues not warranting immediate review "(a) where an issue is inextricably intertwined with a question that is the proper subject of an immediate appeal, or (b) where review of a jurisdictionally insufficient issue is necessary to ensure meaningful review of a jurisdictionally sufficient one." See Srour v. New York City, New York, 117 F.4th 72, 85 (2d Cir. 2024), cert. denied sub nom. Srour v. City of New York, New York, 145 S. Ct. 1924 (2025) (citing Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 757-58 (2d Cir. 1998) (internal quotation marks omitted)).

In this appeal, the appeal over which this Court indisputably has appellate jurisdiction, i.e., the denial of the motions to modify the preliminary injunctions, is inextricably intertwined with the subsequent appeal, i.e., whether Appellants state a claim for relief under RICO, in that this Court must decide in both instances the viability of Appellants' RICO claims.

6

Indeed, at a minimum, the RICO conspiracy claims against the Moving Appellees were pled with sufficient particularity as addressed in Appellants' consolidated brief, and goes to the heart of whether the Appellants demonstrated a likelihood of success on the merits on their motion for a preliminary injunction. This, alone, is a sufficient basis to find that the issues between the appeals are inextricably intertwined and that the review of the issues in 25-2189 is necessary to ensure a meaningful review of those in 25-1330.

Indeed, this Court has routinely found pendent appellate jurisdiction in similar circumstances. See, e.g., Lamar Advert. of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 372 (2d Cir. 2004) (concluding that the issue of standing is "inextricably intertwined with the plaintiff's motion for preliminary injunction"); U.S. v. Hoskins, 902 F.3d 69, 76 (2d Cir. 2018) ("Because we have jurisdiction under 18 U.S.C. § 3731 to review the dismissal of portions of Count One, we will exercise pendent appellate jurisdiction to review the district court's denial of the government's motion in limine"); In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig., 488 F.3d 112, 123 (2d Cir. 2007) ("The relationship between these two issues is analogous to that between the issues presented in interlocutory appeals by public officials from claims of qualified immunity in cases alleging the violation of a constitutional right"); Vermont Agency of Nat. Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 770 (2000) ("The denial of a motion to dismiss based on a claim of Eleventh Amendment immunity is immediately appealable. … The Second Circuit exercised pendent appellate jurisdiction over the statutory question") (citations omitted).

Because pendent appellate jurisdiction over unappealable related issues is discretionary, see Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 449 (2d Cir.1995), this Court should exercise its discretion to decide the issues here.

As argued above, given the overlapping issues and otherwise where the Moving Appellees have sat on their rights by not moving to dismiss this combined appeal for lack of jurisdiction until their deadline to file an appellate brief in opposition ran nigh, there is a sufficient basis for this Court to exercise pendent appellate jurisdiction.

### THE MOVING APPELLEES REQUESTS FOR COSTS MUST BE DENIED

Since Appellants provide multiple grounds pursuant to which this Court may exercise its discretion to find jurisdiction over the combined appeals, and because they fail to address the various instances in which this Court may do so, the request for fees must be denied. Even in the event that the Moving Appellees' motion to dismiss is granted (which it should not be), this Court should exercise its discretion against awarding costs.

### CONCLUSION

For the foregoing reasons, the Appellants' motion to dismiss must be denied.

Dated: Jamaica, New York
      March 23, 2026               Respectfully submitted,

**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Appellants*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ACMS**
All counsel of record

8