**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 25-1330 _____     _____ Caption [use short title] _____

**Motion for:** Non-Compliance Sanctions Pursuant to Local

Rule 33.1(g) _____

_____

Set forth below precise, complete statement of relief sought:

Plaintiff-Appellants Superb Motors Inc., Team Auto Sales LLC,

and Robert Anthony Urrutia respectfully seek an Order

issuing non-compliance sanctions against the Deo

Defendants for their failure to comply in good faith with

this Court's CAMP Order

_____

## Superb Motors Inc., et al. v. Deo, et al.

**MOVING PARTY:** Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia    **OPPOSING PARTY:** Anthony Deo, Sara Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers N'

    [✔] Plaintiff       [ ] Defendant

    [✔] Appellant/Petitioner    [ ] Appellee/Respondent

**MOVING ATTORNEY:** Sage Legal LLC _____    **OPPOSING ATTORNEY:** Linden Law Group, P.C. _____

[name of attorney, with firm, address, phone number and e-mail]

Emanuel Kataev, Esq.                   Jeffrey Benjamin, Esq.

18211 Jamaica Avenue, Jamaica, NY 11423-2327     250 Park Avenue, 7th Floor, New York, NY 10177

(718) 412-2421 emanuel@sagelegal.nyc        (212) 655-9536 jbenjamin@nyfraudlaw.com

Court- Judge/ Agency appealed from: United States District Court for the Eastern District of New York, Hon. James M. Wicks, U.S.M.J.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
   [✔] Yes   [ ] No (explain): _____
_____

Opposing counsel's position on motion:
   [ ] Unopposed [✔] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
   [✔] Yes   [ ] No   [ ] Don't Know

Is oral argument on motion requested?    [✔] Yes [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    [ ] Yes [✔] No If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Emanuel Kataev, Esq._____ **Date:** 5/7/2026 _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   [ ] Yes [ ] No
Has this relief been previously sought in this court? [ ] Yes [ ] No
Requested return date and explanation of emergency: _____
_____
_____
_____
_____

Service by: [✔] CM/ECF   [ ] Other [Attach proof of service]

**Form T-1080** (rev.12-13)

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

----------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

**Docket No.: 25-1330**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.

----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-APPELLANTS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MOTION FOR NON-COMPLIANCE SANCTIONS AGAINST DEO DEFENDANTS PURSUANT TO LOCAL RULE 33.1(g)**

## <u>PRELIMINARY STATEMENT, RELEVANT FACTS, & PROCEDURAL HISTORY</u>

This motion respectfully seeks non-compliance sanctions pursuant to Local Rule 33.1(g) against Defendants Anthony Deo ("Deo"), Sara Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp., and DLA Capital Partners Inc. (collectively hereinafter the "Deo Defendants") for failure to participate in good faith in the CAMP program.

Plaintiff-Appellants Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs" or "Appellants") reached a settlement in principle with the Deo Defendants who thereafter failed to proceed with good faith in moving forward to consummate a settlement.

On March 19, 2026, following the conclusion of the parties' CAMP conference, the parties filed a joint letter motion with the lower court to seek a conference to discuss the next steps towards finalizing a settlement. <u>See</u> <u>Superb Motors Inc., *et al.* v. Deo, *et al.*</u>; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry <u>438</u>. The lower court denied that motion with leave to renew the following day, and directed the parties to submit confidential letters on the subject. <u>See</u> Text Only Order dated March 20, 2026. Since then, the Deo Defendants have refused to submit a confidential joint letter, and instead asserting that no settlement in principle has been reached without explaining how or why that is the case. <u>See</u> <u>Id.</u>, ECF Docket Entries <u>463</u>, <u>463-1</u>, and <u>463-2</u>.

At the conclusion of the CAMP conference, the CAMP Mediator scheduled an April 14, 2026 continued conference in the event any issues arose with settlement. Despite the fact issues have undeniably arisen, the Deo Defendants refused to attend the conference, canceling it.

1

The Deo Defendants are acting in bad faith, in violation of Local Rule 33.1(g). They must be appropriately sanctioned for wasting the Superb Plaintiffs' and the Mediator's time, for failing to consummate the settlement in principle reached in bad faith following the March 19, 2026 CAMP conference, and for canceling the April 14, 2026 continued CAMP conference in bad faith.

This case has a long and tortured history; a summary of the relevant facts is thus presented here. Urrutia owned four (4) automobile dealerships, one of which was Superb, a luxury used car dealership in Great Neck, New York. Deo fraudulently induced Urrutia to become involved in Superb and engaged in various wide-ranging schemes[1] to defraud Urrutia and Superb,[2] resulting in the termination of Superb's floor plan lines of credit with two (2) floor plan lenders.

Superb and Urrutia's remaining dealerships have since shut down and ceased operations. The operating capital of the remaining dealerships – which were cross-collateralized with Superb – was sucked dry due to required payoffs by the floor plan lenders following Superb's terminated floor plan line of credit. Further, Superb could not recover funds taken due to the Deo Defendants' retaining possession of six (6) injuncted vehicles, valued at half a million dollars (exclusive of depreciation costs for all the injuncted vehicles), which similarly crippled the remaining dealerships' viability as a going concern. Indeed, these vehicles remain among the only available assets of Superb, which are hindering it from being wound down in light of its closure.

---

[1] The court below denied the Deo Defendants' motion to dismiss and found that the Plaintiffs' detailed complaint stated a claim for relief under the Racketeer Influenced and Corrupt Organizations ("RICO") Act as well as an amalgam of state law claims.

[2] Unbeknownst to Urrutia, he is not the only victim of the Deo Defendants. Island Auto Group later joined in the case below after discontinuing a state court action against Deo and others arising out of the same conduct perpetrated by him at that group of dealerships. Recently, a third victim came to light based on a lawsuit filed against Deo. See JCJD, Inc. v. Deo, et al.; Index No.: 616451/2025 (Nassau County Supreme Court).

In the course of the proceedings below, the Deo Defendants – by and through Defendant Harry R. Thomasson, Esq. ("Thomasson"), their attorney who has been disqualified from representing them but continues to appear on behalf of himself and make arguments for them – have indicated that they would be willing to sell[3] all the injuncted vehicles and place the proceeds into escrow pending a determination by the Court as to who is entitled to these funds.

The CAMP conference was thus a ripe opportunity to explore this resolution to obviate the need for the instant appeal.

What's worse, in a separate state court action, the Hon. Jerome C. Murphy, J.S.C. ("Justice Murphy") granted Urrutia summary judgment against Deo finding that Deo breached the representations and warranties he made in a Cross-Purchase Agreement (the "Agreement") such that rescissory damages are warranted, and – ergo – that Urrutia's agreement with Deo has been rescinded. See Urrutia v. Deo, Index No.: 618608/20231 (Nassau County Supreme Court), NYSCEF Docket Entry 134. Following this decision, the Superb Plaintiffs sought to vacate the injunction in the lower court. See Superb Motors Inc., et al. v. Deo, et al.; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 341. The motion before the lower court remains *sub judice* pending a decision from Justice Murphy on a motion to renew or argue made by Deo. See Text Only Order dated January 26, 2026.

Notwithstanding the entry of a CAMP Order scheduling a conference on April 14, 2026 for the express purpose of resolving any outstanding issues in reaching the settlement in principle, the Deo Defendants canceled it in bad faith. For the reasons set forth below, non-compliance sanctions are warranted due to the Deo Defendants' apparent bad faith.

---

[3] Doing so would serve the purposes of the Injunction, which is to preserve the resale value of the vehicles, as the passage of time serves to erode the resale value of the injuncted vehicles given depreciation.

**STANDARD OF REVIEW**

This Court has jurisdiction to decide this motion pursuant to Local Rule 33.1(g).

This rule provides that the court may, after affording notice and an opportunity to be heard, impose sanctions on an attorney or party who does not participate in good faith in the CAMP program.

For the reasons set forth below, the Deo Defendants' conduct and cavalier attitude towards the CAMP Order requiring them and their counsel to appear for a continued conference in light of the fact the parties have not finalized their settlement in principle warrants the imposition of sanctions.

**ARGUMENT**

**THE DEO DEFENDANTS' REFUSAL TO APPEAR
AT THE CONTINUED CAMP CONFERENCE WAS IN BAD FAITH**

The Deo Defendants have refused, without justification or explanation, to finalize a settlement in principle reached with the Superb Plaintiffs following a March 19, 2026 CAMP conference which lasted for several hours.

Instead of moving forward in good faith to finalize a settlement, the Deo Defendants stonewalled the Superb Plaintiffs and unilaterally canceled the continued CAMP conference scheduled for April 14, 2026.

The Deo Defendants have a history of engaging in dilly-dally and delay to frustrate the Plaintiffs from having their day in court. Thomasson has mastered the art of the delay, using all manner of excuses in the district court below, including – but not limited to – (i) a flat tire; (ii) driving over a log causing damage to his vehicle; (iii) vacation; (iv) taking care of his sick son; (v) taking care of an allegedly terminally ill life partner; (vi) suffering a fall; and (vii) suffering not one, but two, strokes that allegedly put him out of commission for the Summer.

4

A review of the record in the district court case below should leave this Court with the inescapable conclusion that the Deo Defendants' refusal to appear at the continued CAMP conference on April 14, 2026 was made in bad faith.  This is especially in light of the fact they appeared at the March 19, 2026 CAMP conference pursuant to this Court's Order dated January 8, 2026 after initially failing to appear for a CAMP conference on September 9, 2025.  <u>See</u> ECF Docket Entries 41 and 87.

Because the Deo Defendants have failed to participate in good faith in the CAMP program, non-compliance sanctions must be issued in this Court's discretion.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Appellants' motion for non-compliance sanctions should be granted.

Dated: Jamaica, New York
  May 7, 2026        Respectfully submitted,

            **SAGE LEGAL LLC**
            <u> */s/ Emanuel Kataev, Esq.* </u>
            Emanuel Kataev, Esq.
            18211 Jamaica Avenue
            Jamaica, NY 11423-2327
            (718) 412-2421 (office)
            (917) 807-7819 (cellular)
            (718) 489-4155 (facsimile)
            emanual@sagelegal.com

            *Attorneys for Appellants*
            *Superb Motors Inc.,*
            *Team Auto Sales LLC, and*
            *Robert Anthony Urrutia*

<u>**VIA ACMS**</u>
All counsel of record

5