UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                Defendants.

------------------------------------------------------------------X

Case No.: 25-1330

**PLAINTIFF-APPELLANTS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR NON-COMPLIANCE SANCTIONS AND IN OPPOSITION TO DEFENDANTS ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., AND THEIR COUNSEL JEFFREY BENJAMIN, ESQ. UNTIMELY CROSS-MOTION FOR <u>SANCTIONS</u>**

## PRELIMINARY STATEMENT

Defendants Anthony Deo, Sara Deo, Harry R. Thomasson, Esq. ("Thomasson"), Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp., and DLA Capital Partners Inc. (collectively hereinafter the "Deo Defendants"), have once again failed to timely oppose Appellants' Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Appellants") motion for non-compliance sanctions consistent with Rule 27(a)(3) of the Federal Rules of Appellate Procedure (hereinafter referred to as the "Rules" or "Rule").

Rather than seek leave to file a late opposition, they cross-move for sanctions bereft of any authority in support. Their cross-motion must be denied, and the Superb Plaintiffs' motion must be granted. However, because a further settlement conference would be futile – since the dispute over which the parties sought to settle has become moot by virtue of the lower court's indicative ruling vacating the preliminary injunction – the Superb Plaintiffs seek attorneys' fees as a sanction for engaging in bad-faith conduct by agreeing to a settlement, then backing out of it, requiring the Superb Plaintiffs to incur unnecessary attorneys' fees and costs.

## ARGUMENT

### POINT I

### THE DEO DEFENDANTS' CROSS-MOTION MUST BE DENIED & THE SUPERB PLAINTIFFS' MOTION SHOULD BE GRANTED

The Deo Defendants' cross-motion is defective because:

(i) it fails to state the grounds for the motion as required by Rule 27(a)(2)(A);

2

(ii) it fails to provide any legal argument necessary to support the motion as required by Rule 27(a)(2)(A); and

(iii) it fails to comply with the notification requirements set forth in Local Civil Rule 27.1(b).

Substantively, even were this Court to consider the cross-motion, it should still deny the motion on the merits. The crux of the Deo Defendants' argument is that there was no settlement in principle and that, ergo, the Superb Plaintiffs' motion must be denied. But the Deo Defendants' arguments miss the forest for the trees. This is because, even if there was no settlement in principle, the Deo Defendants' representation to the CAMP mediation office that another session would be futile represents their failure to participate in good faith in the CAMP program as required by Local Civil Rule 33.1(g).

The Deo Defendants fail to explain why they made the unilateral decision to inform the CAMP mediation office that a further conference would be futile; they instead treat the CAMP mediation office's resultant Order vacating the requirement to mediate as a *fait accompli*. But this is far from the reality of what truly transpired. As set forth in a joint letter to Judge Wicks, a conference was requested to obtain an indicative ruling on consent such that the parties could proceed to finalizing the terms of a settlement in principle that was reached at the second CAMP conference. Rather than proceed to achieve this, the Deo Defendants abruptly about-faced and provided no basis for their decision to do so. Worse still, they unilaterally informed the CAMP mediation office that further discussions would be futile. This is the epitome of bad faith.

The Deo Defendants attempt to justify their opposition and cross-motion by arguing, in a conclusory manner, that your undersigned seeks to harass them, churn the file for fees, and abuse motion practice in this Court. Each of these attacks are easily parried.

The Superb Plaintiffs do not seek to harass anyone. Urrutia owned four (4) dealerships which are now closed after the Deo Defendants' fraud was perpetrated. Part of their fraud was removing vehicles from Superb without authorization and refusing to return them, leading to the demise of Superb and the remaining dealerships Urrutia owns because the Superb Plaintiffs could not bear the crushing financial weight of the carrying costs (i.e., interest, fees, and insurance) for vehicles that it was unable to sell following millions of dollars in losses by the Deo Defendants' Ponzi-style scheme to loot, pillage, and plunder Superb of all its cash and operating capital. The Superb Plaintiffs merely sought to engage in settlement discussions that would obviate the need for the attorneys' fees necessary to secure the relief they sought and have now ultimately obtained.

The Superb Plaintiffs are not churning the file for fees. Superb and Team are closed as a going concern and are winding down their affairs, which has been hampered by the Deo Defendants' keeping the injuncted vehicles hostage for the last three (3) years, as the vehicles represent the last remaining assets of those entities. Meanwhile, Urrutia has been unable to afford your undersigned's legal fees as reflected in the docket before the lower court. See, e.g., Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entries 304 ¶ 90, 496 ¶ 90.

The Superb Plaintiffs are not abusing motion practice before this Court. The motion practice is regrettably necessitated by the Deo Defendants' bad faith conduct in refusing, without justification, to move forward with a settlement in principle and, more importantly, refusing to continue discussions at a subsequently scheduled CAMP conference which they unilaterally cancelled without providing any basis for doing so.

## CONCLUSION

Accordingly, the Appellants' motion for non-compliance sanctions should be granted.

4

Moreover, the Deo Defendants' cross-motion for sanctions must be denied.

Dated: Jamaica, New York
     May 26, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.com

*Attorneys for Appellants*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ACMS**
All counsel of record